## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| KIANA THOMAS, | § | |
| | § | Civil Action No. 4:23-cv-00157 |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| LOWES COMPANIES, INC., | § | JURY TRIAL DEMANDED |
| LOWES OF ALLEN, TEXAS - | § | |
| STORE NUMBER 1199, | § | |
| POLY CHIAHULSMIRO, AND | § | |
| DOES 1 THROUGH 100, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFF KIANA THOMAS' COMPLAINT AND JURY DEMAND

**TO THE HONORABLE DISTRICT COURT JUDGE:**

**COMES NOW,** Plaintiff, Kiana Thomas, and pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), files this, her First Amended Complaint and Jury Demand, against Defendants Lowes Companies, Inc., Lowes of Allen, Texas – Store Number 1199, Poly Chiahulamiro and DOES 1 through 100 for sexual harassment and retaliation pursuant to the Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § § 2000e – 2000e-17 and the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117, and assault and battery and in support thereof would respectfully show as follows:

# I. <u>THE PARTIES</u>

1. Plaintiff Kiana Thomas (hereinafter referred to as "Ms. Thomas") is a 40-year-old legally deaf and disabled woman who resides in Collin County, Texas and is an employee of Lowes of Allen – Store 1199 owned and operated by Defendant Lowes Companies, Inc. The Plaintiff Ms. Thomas may be served through her counsel of record.

2. Defendant Lowes Companies, Inc., (hereinafter referred to as "Lowes" or collectively with all named Defendants as the "Lowes Defendants") is a Defendant Lowes is a North Carolina corporation with its principal place of business in Mooresville, North Carolina. Defendant Lowes may be served with process through its registered agent, Corporation Service Company, 327 Hillsborough St., Raleigh, NC 27603.

3. Defendant Lowes of Allen – Store Number 1199 (hereinafter referred to as "Lowes Allen Store" or collectively with all named Defendants as the "Lowes Defendants") is a retail store where Plaintiff Ms. Thomas was employed at and conducts business at and may be served at 1010 W. McDermott Drive, Allen, Texas 75013.

4. Defendant Poly Chiahulamiro (hereinafter referred to collectively as "Defendants" or individually as "**Chiahulamiro**") is a resident of the State of

Texas and is an individual residing in Collin County, Texas. Defendant Chiahulamiro may be served with Service of Process at 315 N Greenville Ave Apt 826, Allen, TX 75002 or wherever he may be found.

5. Plaintiff Ms. Thomas is unaware of the true names and capacities of those Defendants sued herein as Defendants DOES 1 through 10, and therefore, sue said Defendants by such fictitious names. Plaintiff Ms. Thomas is informed and believes, and thereupon alleges, that each of the Defendants designated herein as a DOE, was and is legally, equitably, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, carelessly, with deliberate indifference, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged, legally and proximately caused the hereinafter alleged injuries and damages to the Plaintiff Ms. Thomas. Plaintiff Ms. Thomas will hereafter seek leave to amend this Complaint to set forth the true names and identities of the unknown named DOE Defendants when they are ascertained.

6. There exists, and at all times herein mentioned there existed, a unity of interest and ownership between the Lowes Defendants, such that any individuality and separateness between the Lowes Defendants have ceased, and they are each an

alter ego of the other, in that the Defendant Lowes Allen Store is completely controlled, dominated, managed, and operated by Defendant Lowes.

7. Plaintiff Ms. Thomas is informed and believes and thereupon alleges that, at all times mentioned herein, each of the Defendants sued herein was the agent, alter ego, servant, employee, successor-in-interest and/or joint venturer of each of the other defendant(s) and was, as such, acting within the time, place, purpose, scope, and authority of said agency, service, employment, successor-interest and/or joint venture and that each and every defendant as aforesaid, when acting as a principal, was negligent in the selection, hiring, training and/or supervision of each and every other defendant as an agent, servant, employee, successor-in-interest and/or joint-venturer.

8. Plaintiff Ms. Thomas is informed, believes, and thereupon alleges that the Lowes Defendants, and each of the DOE Defendants are in some manner responsible for the events and happenings herein set forth and proximately caused injury and damages to the Plaintiff Ms. Thomas as herein alleged.

9. Each Defendant is the agent, servant and/or employee of the other Defendants, and each Defendant was acting within the course and scope of his, her or its authority as an agent, servant and/or employee of the other Defendants. Defendants and each of them, are individuals, corporations, partnerships, and

other entities which engaged in, joined in, and conspired with the other wrongdoers in carrying out the tortious and unlawful activities described in this complaint, and Defendants, and each of them, ratified the acts of the other Defendants as described in this Complaint.

10. Each of the individual Defendants sued herein is sued both in their individual and personal capacity as well as in their official capacity.

## II. JURISDICTION AND VENUE

11. This Court has Jurisdiction over the subject matter and parties pursuant to U.S.C. § 1331, as this case involves questions of federal law.

12. This Court also has jurisdiction pursuant to 28 U.S.C. § 1343 because Plaintiff Ms. Thomas seeks damages for violation of his Civil Rights. Specifically, this Court has jurisdiction because this action is being brought by the Plaintiff Ms. Thomas Ms. Thomas to recover damages caused by sexual harassment and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § § 2000e – 2000e17 and the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. § § 12112 to 12117.

13. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. The Plaintiff Ms. Thomas's state law claims share all common operative facts with

his federal law claims and the parties are identical. Resolving the Plaintiff Ms. Thomas's federal and state law claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

14. Venue is proper in, and Defendants are subject to the personal jurisdiction of this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391 (b); 42 U.S.C. § 2000e-5(f)(3).

15. Pursuant to Local Rules of this District, assignment to the Sherman Division of this Court is proper because all or most of the events giving rise to the Plaintiff Ms. Thomas's claims occurred in Collin County, Texas.

16. At all times material herein, each of the Defendants is and have been a "person" and "employer" as defined under the ADA and Title VII and are accordingly subject to the provisions of each said act.

### III. <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

17. The Plaintiff Ms. Thomas a signed "Charge of Discrimination" number 450-2022-06751 with the Equal Employment Opportunity Commission (that was crossed filed with the Texas Workforce Commission) on November 16, 2022.

18. The Equal Employment Opportunity Commission issued a "Notice of Right to Sue" letter on November 30, 2022.

19. Plaintiff Ms. Thomas is now timely filing this lawsuit within the 90-day period as required by the Equal Opportunity Employment Commission.

## IV. <u>FACTUAL ALLEGATIONS</u>

20. Plaintiff Ms. Thomas is a 40-year-old legally deaf and disabled woman.

21. Despite her disabilities, Plaintiff Ms. Thomas has always been motivated to work and be productive. For more than 2 years before the incident that is the basis of this lawsuit, Plaintiff Ms. Thomas worked hard to contribute as a valued employee at the Lowes Defendants' store located in Allen, Texas.

22. Plaintiff Ms. Thomas trusted that the Lowes Defendants would keep her safe and protect her from any form of sexual harassment or discrimination based on her disability by its employees.

23. After several episodes of Defendant Chiahulamiro sexually harassing her at the Lowes Defendants' store in Allen, Texas, on July 26, 2022, Defendant Chiahulamiro sexually Plaintiff Ms. Thomas.

24. On that day, Defendant Chiahulamiro, knowing that Plaintiff Ms. Thomas was legally deaf and disabled, covertly crept up behind Ms. Thomas and forcibly grabbed Plaintiff Ms. Thomas.

25. Once he had Plaintiff Ms. Thomas in his grasp, Defendant Chiahulamiro pressed himself against Plaintiff Ms. Thomas so that she was pinned against the wall with her arms restrained behind her. Although Ms.

Thomas did her best to resist, fight back and clearly stated several times to Defendant Chiahulamiro that his sexual assault was not wanted, he pressed his chest against her breasts and pressed his fingers into the pressure points of her back so that she was physically immobilized. Defendant Chiahulamiro also grabbed Plaintiff Ms. Thomas' vagina and buttocks.

26. As Defendant Chiahulamiro continued to sexually assault Plaintiff Ms. Thomas persisted in her fight to free herself from him and save herself from his apparent attempt to rape or perhaps even kill her.

27. After a sustained struggle, Plaintiff Ms. Thomas was thankfully able to free herself from Defendant Chiahulamiro's grasp and fled.

28. Once freed, Plaintiff Ms. Thomas immediately reported the incident to her Lowes Defendants' supervisor Deloris Hays, and it was represented to Plaintiff Ms. Thomas that a formal incident report was created.

29. However, since the day of the incident, despite the fact that Plaintiff Ms. Thomas has pleaded for the Lowes Defendants to help her, they have failed to adequately address Defendant Chiahulamiro's conduct and have done nothing to ensure that Plaintiff Ms. Thomas and other Lowes employees are not sexually assaulted by the Lowes Defendants' employees and managers.

30. Since the incident, Plaintiff Ms. Thomas has been suffering from emotional distress, psychological trauma, and post-traumatic stress disorder.

31. Further, Plaintiff Ms. Thomas has taken a leave of absence from her job working for the Lowes Defendants because she is afraid to return and work in a hostile work environment where she is at risk of being sexually assaulted.

32. Because Plaintiff Ms. Thomas did not remain silent about Defendant Chiahulamiro's sexual assault and has not returned to work due to her traumatized psychological state, Plaintiff Ms. Thomas has been subject to retaliation and treated unfairly by the Lowes Defendants.

33. During Plaintiff Ms. Thomas' pre-job hire interviews for employment, she made her disability of being legally deaf known to the Lowes Defendants. After she was hired, Plaintiff Ms. Thomas repeatedly made her need to communicate with her fellow employees and to have visual cues to warn her of potential danger.

34. Rather than accommodate her disability, the Lowes Defendants failed to provide any means for Plaintiff Ms. Thomas to communicate with her fellow employees. The only means that Plaintiff Ms. Thomas had to communicate with her fellow employees was through a make-shift text messaging that she, and not the Lowes Defendants, improvised with her fellow employees.

35. Moreover, despite the fact Plaintiff Ms. Thomas was working in a home improvement store that the Lowes Defendants had knowledge would expose her to potential workplace dangers such as the movement of heavy equipment and the periodic dangers of falling saw blades, nails, oversized lumbar and other hazards, the Lowes Defendants did nothing to accommodate Ms. Thomas' legally deaf disability by installing equipment and/or implementing procedures to warn visually warn her of potential and/or impending danger.

36. The Lowes Defendants' failure to accommodate Ms. Thomas' legally deaf disability resulted in and enabled Lowes Employee Mr. Poly to covertly creep up behind Ms. Thomas and sexually assault her.

37. The Lowes Defendants' failure to accommodate Ms. Thomas' legally deaf disability caused Ms. Thomas to be sexually assaulted.

38. As a result of the Lowes Defendants' failure to accommodate her legally deaf disability, Ms. Thomas has suffered damages and has suffered emotional distress, psychological trauma, and post-traumatic stress disorder.

## V.  CAUSES OF ACTION AGAINST THE LOWES DEFENDANTS

## COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – DISCRIMINATION AND FAILURE TO ACCOMMODATE

39. Ms. Thomas restates and incorporates by reference the foregoing paragraphs of this complaint, as if set forth in full herein.

40. The actions of the Lowes Defendants, through its management, agents, servants, and employees, in discriminating against Ms. Thomas on the basis of her actual disabilities and/or record of impairment, and failing to provide reasonable accommodation for her disability, constituted violations of the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117 (hereinafter referred to as the "American with Disabilities Act").

41. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Lowes Defendants in violation of the Americans with Disabilities Act, Ms. Thomas sustained permanent and irreparable harm, resulting in her termination from employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

42. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Lowes Defendants in violation of the Americans with Disabilities Act, Ms. Thomas suffered severe emotional distress, embarrassment, humiliation, and loss of self- esteem.

43. Ms. Thomas has and continue to be damaged by the Lowes Defendants' conduct and seeks her actual damages, exemplary damages, pre and post judgement interest, costs, and Attorneys' fees.

## COUNT II: VIOLATION OF THE AMERICANS WITH

## DISABILITIES ACT – RETALIATION

44. Plaintiff Ms. Thomas restates and incorporates by reference the foregoing paragraphs of this complaint, as if set forth in full herein.

45. The actions of the Lowes Defendants, through its management, agents, servants, and employees, in retaliating against Ms. Thomas for requesting a reasonable accommodation, and for opposing unlawful disability discrimination in the workplace, constituted a violation of the Americans with Disabilities Act.

46. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Lowes Defendants in violation of the Americans with Disabilities Act, Ms. Thomas sustained permanent and irreparable harm resulting in the termination of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

47. As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Lowes Defendants in violation of the Americans with Disabilities Act, Ms. Thomas suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

48. Ms. Thomas has and continue to be damaged by the Lowes Defendants' conduct and seeks her actual damages, exemplary damages, pre and post judgement interest, costs, and Attorneys' fees.

## COUNT III: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT – SEXUAL HARRASSMENT AND HOSTILE WORK ENVIRONMENT

49. Plaintiff Ms. Thomas restates and incorporates by reference the foregoing paragraphs of this complaint, as if set forth in full herein.

50. The Lowes Defendants have subjected Plaintiff Ms. Thomas to a hostile working environment and sexual harassment by tolerating and enabling a sexual predator such as Defendant Chiahulamiro to persistently prey on her.

51. The Plaintiff Ms. Thomas was forced by the Lowes Defendants to endure a hostile work environment that was severe and pervasive based on the nature of the sexual harassment by Defendant Chiahulamiro.

52. Plaintiff Ms. Thomas considered the aforementioned conduct to be harassing and discriminatory, and reported said conduct, both verbally and in writing, to numerous management level employees of the Lowes Defendants.

53. Despite being repeatedly informed and having knowledge that Plaintiff Ms. Thomas was being harassed by Defendant Chiahulamiro, the Lowes Defendants did nothing to address the hostile work environment and failed to investigate or otherwise cause the discriminatory conduct to cease.

54. Rather than cause the discriminatory conduct to cease or otherwise accommodate Plaintiff Ms. Thomas, the Lowes Defendants forced Plaintiff Ms. Thomas to continue to be subject to sexual harassment by Defendant Chiahulamiro.

55. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Lowes Defendants in violation of Title VII, Plaintiff Ms. Thomas has and continues to sustain permanent and irreparable harm, resulting in the loss of her employment, which has caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

56. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Lowes Defendants in violation of Title VII, Plaintiff Ms. Thomas suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

57. Plaintiff Ms. Thomas has and continues to be damaged by the Lowes Defendants' conduct and seeks its actual damages, exemplary damages, pre and post judgement interest, costs, and Attorneys' fees.

## COUNT IV: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT – RETALIATION

58. Plaintiff Ms. Thomas restates and incorporates by reference the foregoing paragraphs of this complaint, as if set forth in full herein.

59. The actions of the Lowes Defendants, through its agents, servants, and employees, in subjecting Ms. Thomas to retaliation for opposing unlawful discrimination in the workplace, constituted a violation of Title VII.

60. The Lowes Defendants have retaliated against Ms. Thomas for complaining and reporting Defendant Chiahulamiro's sexual harassment and assault that she suffered in the workplace.

61. As a direct result of the aforesaid unlawful retaliatory practices engaged in by the Lowes Defendants in violation of Title VII, Ms. Thomas has sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

62. As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Lowes Defendants in violation of Title VII, Plaintiff Ms. Thomas suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

63. Plaintiff Ms. Thomas has and continues to be damaged by the Lowes Defendants' conduct and seeks her actual damages, exemplary damages, pre and post judgement interest, costs, and Attorneys' fees.

### COUNT V: NEGLIGENT FAILURE TO TRAIN OR EDUCATE

64. Plaintiff Ms. Thomas restates and incorporates by reference the foregoing paragraphs of this complaint, as if set forth in full herein.

65. The Lowes Defendants breached their duty to take reasonable protective measures to protect Plaintiff Ms. Thomas from sexual assault by Defendant Chiahulamiro by failing to properly train or educate its employees, agents, representatives, workers, managers, associates, and/or independent contractors on how to avoid such a risk.

66. Plaintiff Ms. Thomas has and continues to be damaged by the Lowes Defendants' conduct and seeks her actual damages, exemplary damages, pre and post judgement interest, costs, and Attorneys' fees.

## COUNT VI: NEGLIGENT FAILURE TO PROTECT

67. Plaintiff Ms. Thomas restates and incorporates by reference the foregoing paragraphs of this complaint, as if set forth in full herein.

68. Given the knowledge of Defendant Chiahulamiro's behavior, it is reasonably foreseeable that sexual assaults could occur if the Lowes Defendant failed to take proper procedures.

69. The Lowes Defendants had a duty to protect Plaintiff Ms. Thomas and others in Plaintiff Ms. Thomas' situation against the risk of injury by Defendant Chiahulamiro.

70. The Lowes Defendants knew of and/or had acknowledged their duties of responsibility for the safety of its guests, including their invitees and licensees.

71. The Lowes Defendants breached this duty by failing to protect Plaintiff Ms. Thomas from the acts of Defendant Chiahulamiro.

72. Plaintiff Ms. Thomas has and continues to be damaged by the Lowes Defendants' conduct and seeks her actual damages, exemplary damages, pre and post judgement interest, costs, and Attorneys' fees.

## COUNT VII: RESPONDEAT SUPERIOR

73. Plaintiff Ms. Thomas restates and incorporates by reference the foregoing paragraphs of this complaint, as if set forth in full herein.

74. The Lowes Defendants employed Defendant Chiahulamiro.

75. The Lowes Defendants are liable for the negligence of its employees such as Defendant Chiahulamiro, during the course and scope of their employment with Lowes Defendants.

76. Specifically, Defendant Chiahulamiro, acting within the course and scope of his employment had a general duty to exercise reasonable care in performing his work. Such employees, however, failed to exercise reasonable care.

77. Plaintiff Ms. Thomas has and continues to be damaged by the Lowes Defendants' conduct and seeks her actual damages, exemplary damages, pre and post judgement interest, costs, and Attorneys' fees.

## V. CAUSES OF ACTION AGAINST DEFENDANT CHIAHULAMIRO

## COUNT I: SEXUAL ASSAULT

78. Plaintiff Ms. Thomas realleges and incorporates by reference the allegations contained in the previous paragraphs.

79. Defendant Chiahulamiro committed the felony criminal offenses of assault and sexual assault upon Plaintiff Ms. Thomas. Under Texas law, the elements of assault are the same in civil and criminal suits, and it is the law of this state that an assault is both of offense against the peace and dignity of the state as well as an invasion of privacy rights and a civil tort. For that reason, the definition of assault, whether criminal or civil trial, is the same. Defendant Chiahulamiro's conduct as alleged above constitute sexual assault and is actionable under the laws of Texas.

80. Defendant Chiahulamiro committed sexual assault upon Plaintiff Ms. Thomas. As described above, during sexual assault, Defendant Hutchinson intentionally and knowingly forced himself onto Plaintiff Ms. Thomas and grabbed her breasts, vagina, and buttocks without her consent.

81. Defendant Chiahulamiro's sexual assault upon caused Plaintiff Ms. Thomas to suffer injuries, pain, damages, losses, and/or harm.

## COUNT II: ASSAULT & BATTERY

82. Plaintiff Ms. Thomas restates and incorporates by reference the foregoing paragraphs of this complaint, as if set forth in full herein.

83. The acts committed by Defendant Chiahulamiro against Plaintiff Ms. Thomas described herein constitute assault and battery, actionable under the laws of Texas.

84. Defendant Chiahulamiro committed nonconsensual sexual acts and nonconsensual sexual touching that resulted in harmful or offensive contact with Plaintiff Ms. Thomas.

85. Specifically, Defendant Chiahulamiro committed acts that caused injury to Plaintiff Ms. Thomas by subjecting her to an imminent battery and/or intentional invasions of her rights to be free from offensive and harmful contact, and said conduct demonstrated that Defendant Chiahulamiro had a present ability to subject Plaintiff Ms. Thomas to an immediate, intentional, offensive, and harmful touching.

86. Defendant Chiahulamiro assaulted and battered Plaintiff Ms. Thomas by subjected her to nonconsensual and unwanted touching and attempted rape.

87. Plaintiff Ms. Thomas did not consent to the contact, which caused her to suffer injuries, pain, damages, losses, and/or harm.

# V.  **PRAYER**

WHEREFORE, Plaintiff Ms. Thomas respectfully requests that this Court enter Judgment in favor of her and against the Lowes Defendants and Defendant Chiahulamiro and award the following relief:

1.  Declaratory relief, including but not limited to a declaration that the Lowes Defendants discriminate against individuals with disabilities in violation of the Americans with Disabilities Act without an individualized assessment of whether they can perform the essential functions of the job (with or without a reasonable accommodation);

2.  Declaratory relief, including but not limited to a declaration that the Lowes Defendants permits and/or does nothing to prevent sexual harassment and/or assault in its stores in violation of the Civil Rights Act Title VII;

3.  Appropriate injunctive relief, including but not limited to reinstatement of Plaintiff Ms. Thomas' position with the Lowes Defendants and an order restraining the Lowes Defendants from engaging in further discriminatory conduct of the types alleged in this Complaint;

4.  Back pay in an amount to be determined at trial;

5.  In the event reinstatement is not granted, front pay;

6.  Compensatory and consequential damages, including for emotional distress against the Lowes Defendants and Defendant Chiahulamiro;

7. Punitive damages against Lowes Defendants and Defendant Chiahulamiro;

8. Pre-judgment and post-judgment interest at the highest lawful rate;

9. Attorneys' fees and costs in prosecuting this action; and

10. Any such further relief as the Court deems appropriate.

## VI.  CERITIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this Complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted,

**Robinius, Espinosa & Wietzel, LLC**

By: _____
     **Mark Robinius**
     **Texas State Bar No. 24025865**
     **6060 North Central Expressway**
     **Suite 212**
     **Dallas, Texas 75206**
     **RSHlawfirmllp@gmail.com**
     **ATTORNEY FOR PLAINTIFF KIANA THOMAS**

## CERTIFICATE OF SERVICE

I do hereby certify that on February 28, 2023, a true and correct copy of the foregoing Original Complaint has been served on all parties of record via the CM/ECF system and a Summons has been requested from the Clerk which will be served on all parties.

_____
     **Mark Robinius**